■ In the Matter of TIMOTHY SMITH, Petitioner, v THOMAS A. COUGHLIN, III, as Commissioner of the Department of Correctional Services, Respondent. [594 NYS2d 95] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was found guilty after a Superintendent's hearing of violating disciplinary rule 113.12 prohibiting the use or possession of a controlled substance based upon statements in a misbehavior report, testimony at the hearing and drug tests which were positive for both opiates and cocaine. Petitioner contends that the determination is not supported by substantial evidence because his consumption of poppy seeds—assertedly contained in a frozen pizza—may have caused a false positive in the drug test for opiates and because the procedures employed to obtain the urine specimens used in the drug tests did not assure a proper chain of custody. Initially, given that the determination of guilt of the single charge is supported by the positive results of the test for cocaine, the fact that poppy seeds may have caused a false positive in the opiate test does not require annulment of the determination (see, Matter of Roman Catholic Diocese v New York State Dept. of Health, 109 AD2d 140, 148 [Levine, J., dissenting], revd 66 NY2d 948). Further, the correction officer who collected the urine sample testified that it was kept in a secure area as required by applicable regulations. Nor do we find that the record reveals bias on the part of the Hearing Officer that would require annulment (see, Matter of Nieves v Coughlin, 157 AD2d 943, 944).

Finally, at the hearing petitioner stated that he had taken

medication which might cause a false positive in the drug tests. The Hearing Officer established that the only medication for which petitioner was able to produce a prescription was not listed as one that could cause a false positive. As to the other possible medications, the Hearing Officer held that she would need petitioner's consent to examine his records to determine what drugs were involved. Petitioner never gave such consent and did not protest the Hearing Officer's determination that such consent was required. By failing to object at a time when any error could have been corrected, petitioner has waived any objection to this procedure (see, *Matter of Finn v Leonardo,* 160 AD2d 1074; *Matter of Geddes v Wilmot,* 111 AD2d 474, *appeal dismissed* 66 NY2d 914, *lv denied* 66 NY2d 603).

Weiss, P. J., Yesawich Jr., Levine, Crew III and Mahoney, JJ., concur. Adjudged that the determination confirmed, without costs, and petition dismissed.