■ In the Matter of EMANUEL SANATANA, Petitioner, v GLENN GOORD, as Commissioner of Correctional Services, Respondent. [657 NYS2d 1020] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was found guilty of violating the prison disciplinary rules that prohibit use of a controlled substance and failure to comply with the guidelines and instructions given by staff members relating to the Family Reunion Program. Substantial evidence supports this determination. Adduced in evidence against petitioner was the misbehavior report relating that urinalysis tests performed immediately prior to and immediately following petitioner's participation in the Family Reunion Program resulted in positive results for the presence of cannabinoids. Supporting these representations was the testimony of the correction officers who prepared the misbehavior report and who conducted the urinalysis tests which resulted in the positive readings. Petitioner contends that his guilt was not proven because the chain of custody of his urine samples was not established. This unsupported assertion is,

however, insufficient to substantiate petitioner's claim (*see, Matter of Lewis v Coughlin*, 172 AD2d 889). The record discloses that the applicable regulations and procedures in conducting the urinalyses and handling the urine samples were fully complied with (*see, Matter of Torres v Selsky*, 223 AD2d 889; *Matter of Maldonado v Selsky*, 162 AD2d 843, 844). We conclude that substantial evidence supports the determination of petitioner's guilt (*see, Matter of Garcia v New York State Dept. of Correctional Servs.*, 232 AD2d 697). Petitioner's remaining contentions are without merit or unpreserved for our review.

Mercure, J. P., Crew III, Yesawich Jr., Spain and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.