■ In the Matter of Jose Roman, Petitioner, v Donald Selsky, as Director of Special Housing Department of Correctional Services, et al., Respondents. [679 NYS2d 426] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondents which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was found guilty of violating the prison disciplinary rule which prohibits inmates from using unauthorized controlled substances after two urinalysis tests yielded positive results for the presence of opiates. Contrary to petitioner's contention, the record establishes that Correction Officer Sean Barber, who authored the misbehavior report, was certified to perform the urinalysis tests and followed appropriate testing procedures. Furthermore, in view of Barber's testimony that he obtained petitioner's urine specimen and that it never left his presence, we reject petitioner's challenge to the sufficiency of the chain of custody, particularly as there is no evidence showing that the specimen could have been tampered with or

confused with other samples (*see, Matter of Gatson v Selsky*, 220 AD2d 906). To the extent that petitioner presented testimony and evidence to the contrary, this merely presented a credibility issue for the Hearing Officer to resolve (*see, Matter of Symmonds v Goord*, 244 AD2d 737). Petitioner's claim that respondents failed to follow their own regulations and rules in conducting the tests lacks merit as it is based on a procedure that is not required to be performed under the current directive. Therefore, taking into account the misbehavior report and positive test results, along with the correction officers' testimony, we conclude that substantial evidence supports the determination of petitioner's guilt (*see, Matter of Lahey v Kelly*, 71 NY2d 135, 143; *Matter of Sanatana v Goord*, 239 AD2d 695, 696).

Crew III, J. P., White, Yesawich Jr., Carpinello and Graffeo, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.