■ In the Matter of JAMES MURRAY, Petitioner, v GLENN S. GOORD, as Commissioner of the Department of Correctional

---

Services, Respondent. [694 NYS2d 797] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Following a tier III disciplinary hearing, petitioner, a prison inmate, was found guilty of committing a sex offense, disobeying a direct order, interfering with an employee and violating visiting room procedures. According to the misbehavior report, petitioner was observed sitting on a visiting room table while his girlfriend sat in front of him with her hands in his pants. Petitioner got down off the table as the reporting correction officer approached; however, when petitioner was told that visiting hours were over and it was time to leave, he ignored orders to do so and held up efforts to close the room. Petitioner's administrative appeal of the determination of guilt was unsuccessful, prompting the commencement of this CPLR article 78 proceeding.

We confirm. In our view, the clear and detailed misbehavior report was not only sufficient to afford petitioner with the requisite notice of the charges against him (*see, Matter of Alvarado v Goord*, 252 AD2d 650), but was also, combined with, *inter alia*, the eyewitness testimony of the author of the misbehavior report, adequate to substantiate the alleged misconduct (*see, Matter of Foster v Coughlin*, 76 NY2d 964, 966). Although petitioner denied behaving improperly and interfering with the reporting officer, this merely raised a credibility issue for the Hearing Officer to resolve (*see, Matter of De La Rosa v Portuondo*, 247 AD2d 810, 811). Petitioner's numerous remaining contentions, including his claim of Hearing Officer bias, have been examined and found to be without merit. Contrary to petitioner's argument, there is no support in the record for his argument that the Hearing Officer engaged in improper off-the-record conversations or that there were prejudicial defects in the recording of the hearing.

Cardona, P. J., Mikoll, Crew III, Peters and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.