■ In the Matter of AARON UMBER, Petitioner, v ROBERT J. MURPHY, as Acting Special Housing Director, et al., Respondents. [757 NYS2d 379] —Mercure, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review a determination of the Commissioner of Correctional Services

which found petitioner guilty of violating certain prison disciplinary rules.

While on sick call, petitioner reported that he had been raped by his cellmate on more than one occasion. An investigation ensued which revealed that petitioner's claim was unfounded and that the sexual contact was consensual. As a result, petitioner was charged in a misbehavior report with violating prison disciplinary rules prohibiting inmates from engaging in sexual acts, having physical contact, participating in the unauthorized exchange of personal property and providing misleading or false information. At a subsequent tier III disciplinary hearing, which was ordered after a prior hearing was administratively reversed, petitioner pleaded guilty to participating in the unauthorized exchange of personal property and was found guilty of all other charges. This determination was affirmed upon administrative appeal. Petitioner then commenced the instant CPLR article 78 proceeding challenging the determination.

We confirm. Although petitioner challenges the sufficiency of the evidence relied upon by the Hearing Officer, the misbehavior report and the testimony of its author, together with the written statements of those involved in the investigation of the incident, provide substantial evidence supporting the determination (*see Matter of Bankston v Selsky*, 301 AD2d 984 [2003]; *Matter of Torres v Goord*, 267 AD2d 732, 733 [1999]; *Matter of Rodriguez v Goord*, 261 AD2d 740, 741 [1999], *lv denied* 93 NY2d 818 [1999]). The author of the misbehavior report stated that petitioner's cellmate confirmed that sexual contact had occurred, but indicated that it was consensual, with petitioner having initiated it. He further testified that, based upon interviews with staff and other individuals, it was known throughout the facility that petitioner and his cellmate were involved in a homosexual relationship. He further stated that petitioner's complaint appeared to be part of a scheme to bring a lawsuit against the state. Although petitioner maintained that he was forcibly raped and denied that his complaint was in any way related to the lawsuit he commenced against the state, this testimony presented a credibility issue for the Hearing Officer to resolve (*see Matter of Lopez v Selsky*, 300 AD2d 975 [2002]; *Matter of Edwards v Goord*, 298 AD2d 793, 794 [2002]).

We have considered petitioner's remaining arguments and find them meritless.

Cardona, P.J., Peters, Carpinello and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.