■ In the Matter of Bernard Cooper, Petitioner, v Donald Selsky, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [779 NYS2d 855]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner commenced this CPLR article 78 proceeding challenging a determination finding him guilty of violating the prison disciplinary rule that prohibits the unauthorized use of a controlled substance after his urine twice tested positive for the presence of cannabinoids. The misbehavior report, positive test results and supporting documentation provide substantial evidence to support the determination of guilt (*see Matter of Dunn v Selsky*, 7 AD3d 938 [2004]). We are unpersuaded by petitioner's contention that the change to the chain of custody form warrants annulment of the determination. There is no indication that petitioner's urine sample was tampered with or confused with another specimen (*see Matter of Roman v Selsky*, 253 AD2d 975 [1998]). Rather, the correction to the chain of custody form was initialed and more accurately reflects the handling of petitioner's urine sample. Furthermore, the chain of custody establishing that the specimen was secured and the supporting documentation indicating that the appropriate testing procedures were followed provide the proper foundation for the reliance on the positive test results (*see* 7 NYCRR 1020.5; *Matter of Kae v Selsky*, 279 AD2d 682 [2001]).

Crew III, J.P., Peters, Spain, Rose and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.