■ In the Matter of RAHEEM SHABAZZ, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [783 NYS2d 884]—

Cardona, P.J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review two determinations of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in one misbehavior report with engaging in a sexual act. Shortly thereafter, he was charged in a second misbehavior report with unauthorized use of a controlled substance after a sample of his urine twice tested positive for the presence of opiates. Separate tier III disciplinary hearings were held after which petitioner was found guilty of both charges. These determinations were affirmed on administrative appeal and this CPLR article 78 proceeding ensued.

Initially, upon reviewing the record, we find no merit to petitioner's claim that omissions in the transcripts of the tier III hearings prevent meaningful judicial review (*see Matter of Michaelides v Goord*, 300 AD2d 718, 719 [2002]). With respect to the first determination, we find substantial evidence supporting the determination of guilt. The correction officer who

---

authored the misbehavior report clearly testified as to observations justifying his conclusion that petitioner was engaged in the act of anal intercourse. Although the other inmate involved denied engaging in this act with petitioner, this presented an issue of credibility for the Hearing Officer to resolve (*see Matter of Umber v Murphy*, 304 AD2d 931, 932 [2003]). We further note that although the first misbehavior report did not specifically state that petitioner was engaged in anal intercourse, it contained adequate facts from which this could be reasonably inferred and, therefore, provided petitioner with sufficient notice of the charge (*see Matter of Murray v Goord*, 263 AD2d 794, 795 [1999]). Petitioner's remaining challenges to the first determination have not been preserved for our review.

Turning to the second determination, the misbehavior report, together with the testimony of the correction officer who conducted the urinalysis tests and the urinalysis test documentation, provided substantial evidence supporting the determination of guilt (*see Matter of Sanchez v Selsky*, 8 AD3d 846, 846 [2004]). The correction officer who conducted the tests adequately explained that the discrepancy in the date of the second test appearing on the request for the urinalysis test form was merely a clerical error. Petitioner's claim that his ingestion of crackers containing poppy seeds caused a false positive result presented a credibility issue for the Hearing Officer to resolve (*see Matter of Gonzalez v Selsky*, 301 AD2d 1019, 1020 [2003]). His remaining procedural claims have either not been preserved for review or are lacking in merit.

Crew III, Peters, Spain and Carpinello, JJ., concur. Adjudged that the determinations are confirmed, without costs, and petition dismissed.