■ In the Matter of STACEY KNIGHT, Petitioner, v MICHAEL McGINNIS, as Superintendent of Southport Correctional Facility, et al., Respondents. [787 NYS2d 920]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

As the result of an authorized mail watch, correction officials discovered correspondence indicating that petitioner had agreed to assault another inmate in return for a monetary payment. He was charged in a misbehavior report with making threats, engaging in violent conduct and violating facility correspondence procedures. He was found guilty of these charges following a tier III disciplinary hearing and the determination was upheld on administrative appeal. This CPLR article 78 proceeding ensued.

We confirm. Contrary to petitioner's claim, the absence of an unusual incident report does not render the evidence insufficient as the directive he relies upon does not require the preparation of such a report with respect to the charges at issue. The misbehavior report and the testimony of the correction officer who authored it, together with the correspondence intercepted through the mail watch, constitute substantial evidence supporting the determination of guilt (*see Matter of Schuler v McCray*, 8 AD3d 777, 778 [2004]; *Matter of Umber v Murphy*, 304 AD2d 931, 932 [2003]). Therefore, we decline to disturb it.

Cardona, P.J., Mercure, Crew III, Peters and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.