■ In the Matter of YAACEF SAIF'UL'BAIT, Respondent, v GLENN S. GOORD, as Commissioner of Correctional Services, et al., Appellants. [788 NYS2d 712]—

Spain, J. Appeal from a judgment of the Supreme Court (O'Brien, III, J.), entered December 11, 2003 in Chemung County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Commissioner of Correctional Services finding petitioner guilty of violating a prison disciplinary rule.

After his urine sample twice tested positive for the presence of opiates, petitioner was charged with violating the prison disciplinary rule prohibiting the unauthorized use of controlled substances. He was found guilty of that charge following a tier III disciplinary hearing, and the determination was upheld on administrative appeal. Petitioner subsequently commenced a CPLR article 78 proceeding in Supreme Court, which—concluding that the introduction of petitioner's positive test results lacked a proper foundation—granted his petition, annulled the determination and directed that the matter be expunged from petitioner's disciplinary records. On respondents' appeal, we now reverse.

Pursuant to regulations promulgated by respondent Commissioner of Correctional Services, petitioner was entitled to be served, along with the misbehavior report, with the request for urinalysis form, the urinalysis procedure form, printed documents produced by the urinalysis testing apparatus and a statement detailing the scientific principles and validity of the equipment employed (*see* 7 NYCRR 1020.4 [e] [1] [iv]). These documents must also be included in the hearing record (*see* 7 NYCRR 1020.5). Contrary to Supreme Court's finding, petitioner was duly served with all such documents and they were both part of the official hearing record and freely available for petitioner's inspection (*cf. Matter of Hernandez v Selsky*, 306 AD2d 595, 596 [2003], *lv denied* 100 NY2d 514 [2003]; *Matter of Davis v McClellan*, 202 AD2d 770, 771 [1994]). Indeed, petitioner was reading from the request for urinalysis form when he raised his only objection to the testing procedures, i.e., that the chain of custody was deficient because it did not account for a two-hour time period between the collection and initial testing of petitioner's urine sample. When the Hearing Officer agreed to call as a witness the correction officer who collected and tested the urine sample, petitioner, insisting that he did not want to call this witness, declared "I'll let it go." The officer thereafter testified as the Hearing Officer's witness, stating that he had

kept the sample secured and in his immediate presence for the two hours in question before conducting the tests and destroying the specimen. Petitioner raised no further objection and thereafter offered the explanation that prior to collection and testing, he had taken another inmate's medication that might have contained morphine, resulting in the positive test results.

Although petitioner's actions could be construed as a waiver of his foundational challenge (*see Matter of Smith v Coughlin,* 191 AD2d 783, 784 [1993], *lv denied* 82 NY2d 653 [1993]), the Hearing Officer reached the issue and we will consider it on appeal. Our review of the record, including the testing documents and the testing officer's testimony, clearly indicates that the chain of custody remained intact throughout the collection and testing process and petitioner has failed to make any showing that his specimen was tampered with or confused with other samples (*see Matter of Zippo v Goord,* 2 AD3d 1006, 1006 [2003]; *Matter of Roman v Selsky,* 253 AD2d 975, 975-976 [1998]). As we therefore discern no foundational infirmity with the introduction of the test results which served as the basis for petitioner's guilt, Supreme Court's judgment must be reversed and the determination confirmed.

Crew III, J.P., Peters, Rose and Lahtinen, JJ., concur. Ordered that the judgment is reversed, without costs, determination confirmed and petition dismissed.