In the Matter of DONNELL POLLARD, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [794 NYS2d 739]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Petitioner commenced this CPLR article 78 proceeding challenging a determination finding him guilty of violating the prison disciplinary rule that prohibits the unauthorized use of a controlled substance after his urine twice tested positive for the presence of cannabinoids. We are unpersuaded by petitioner's contention that due to alleged deficiencies in the chain of custody, an insufficient foundation was laid for the reliance on the test results. The testing documents and testimony of the

correction officer who obtained and tested petitioner's urine sample establish that the urine sample never left the correction officer's possession throughout the collection and testing process (*see* 7 NYCRR 1020.4 [e] [1] [i]; *Matter of Saif'Ul'Bait v Goord,* 15 AD3d 703, 705 [2005]; *Matter of Odome v Goord,* 14 AD3d 975 [2005]). Furthermore, there is nothing in the record to indicate that petitioner's urine sample was tampered with or confused with another urine specimen (*see Matter of Saif'Ul'Bait v Goord, supra* at 705; *Matter of Cooper v Selsky,* 9 AD3d 763, 764 [2004]). Rather, the chain of custody and supporting documentation establish that proper testing procedures were followed thereby providing a proper foundation for reliance on the positive test results (*see* 7 NYCRR 1020.5; *Matter of Cooper v Selsky, supra* at 764). Inasmuch as the misbehavior report, positive test results and testimony at the hearing provide substantial evidence to support the determination of guilt, it will not be disturbed (*see Matter of Otero v Selsky,* 9 AD3d 631, 632 [2004]). Petitioner's remaining contentions, including his claim of hearing officer bias, have been reviewed and found to be without merit.

Crew III, J.P., Peters, Carpinello, Mugglin and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.