■ In the Matter of JUAN MOLINA, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [801 NYS2d 425]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner commenced this CPLR article 78 proceeding challenging a determination finding him guilty of violating the prison disciplinary rule that prohibits the unauthorized use of a controlled substance after his urine twice tested positive for the presence of opiates. We are unpersuaded by petitioner's contention that the integrity of the urine sample was compromised. The testimony of the correction officer who obtained the urine sample from petitioner and the request for urinalysis test form establish that proper collection procedures were followed and that the chain of custody remained intact during the collection and testing process (*see* 7 NYCRR 1020.4 [d], [e]; *Matter of Pollard v Goord*, 18 AD3d 1041, 1041-1042 [2005]; *Matter of Saif'Ul'Bait v Goord*, 15 AD3d 703, 705 [2005]). Furthermore, the record fails to support petitioner's contention that the urine specimen was tampered with or confused with another sample (*see Matter of Pollard v Goord, supra; Matter of Saif'Ul'Bait v Goord, supra*). Inasmuch as the misbehavior report, positive urinalysis test results, supporting documentation and testimony at the hearing provide substantial evidence to support the de-

termination of guilt, it will not be disturbed (*see Matter of El v Selsky*, 14 AD3d 763, 764 [2005]). Petitioner's remaining contentions, including his claim of hearing officer bias and that he was denied documentary evidence, have been reviewed and found to be without merit.

Cardona, P.J., Mercure, Carpinello, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.