■ In the Matter of PATRICK HAYES, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [807 NYS2d 739]—

Mercure, J.P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was charged in a misbehavior report with violating the prison disciplinary rule against use of drugs after a sample of his urine twice tested positive for cocaine and opiates. Following a tier III disciplinary hearing, petitioner was found guilty of the charge. The determination was affirmed on administrative appeal, and this CPLR article 78 proceeding by petitioner ensued.

We confirm. The misbehavior report, together with the hearing testimony and the positive urinalysis test results, provide substantial evidence to support the determination of guilt (*see Matter of Burgos-Morales v Goord,* 22 AD3d 999, 1000 [2005]; *Matter of Polite v Goord,* 22 AD3d 1000, 1001 [2005]). Petitioner's defense that the urine sample was contaminated because the cup fell into the toilet before he filled it was contradicted by testimony from a correction officer and, thus, created a credibility issue which the hearing officer was free to resolve against him (*see Matter of Paige v Goord,* 19 AD3d 908, 909 [2005]).

Petitioner's claim that the employee assistant was inadequate because he failed to explain the charges and the drug testing procedures is unavailing. The record reveals that petitioner understood the charges, and secured favorable testimony from material witnesses and the relevant drug testing documents that he requested. Accordingly, petitioner has not shown that he

was prejudiced by any of the assistant's alleged inadequacies (*see Matter of Marquez v Mann,* 188 AD2d 956, 957 [1992]; *Matter of Gonzalez v Mann,* 186 AD2d 876, 877 [1992]). Finally, there is no support in the record for petitioner's argument that the hearing officer engaged in an improper off-the-record conversation (*see Matter of Murray v Goord,* 263 AD2d 794, 795 [1999]).

We have examined petitioner's remaining contentions, including his claim of hearing officer bias, and, to the extent that they are preserved, find them to be without merit.

Spain, Carpinello, Rose and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.