■ In the Matter of JOSEPH CRUZ, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, et al., Respondents. [813 NYS2d 266]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was charged in a misbehavior report with using a controlled substance after a sample of his urine twice tested positive for the presence of opiates. He was found guilty following a tier III hearing and the determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.

We are unpersuaded by petitioner's contention that there is an insufficient basis for the reliance on the positive test results because the chain of custody section of the urinalysis test form only indicates when the urine specimen was destroyed. Other information contained in that form and testimony from the correction officer who collected, tested and destroyed the urine sample establish that the sample remained in his custody throughout the testing procedure. Inasmuch as an unbroken chain of custody was established, a proper foundation existed for the introduction of and reliance upon the positive test results (*see* 7 NYCRR 1020.4 [e] [1] [i]; *Matter of Pollard v Goord,* 18 AD3d 1041, 1041-1042 [2005]; *Matter of Feliciano v Selsky,* 17 AD3d 951, 951-952 [2005]). To that end, the misbehavior report, positive test results with supporting documentation, and testimony at the hearing provide substantial evidence to support the determination of guilt (*see Matter of Figueroa v Goord,* 15 AD3d 705, 706 [2005]). Petitioner's remaining contentions, including his claim of hearing officer bias, have been reviewed and found to be without merit.

Mercure, J.P., Spain, Carpinello, Mugglin and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.