Rose, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.
Petitioner was found guilty of violating the prison disciplinary rule prohibiting the use of controlled substances after his urine twice tested positive for the presence of marihuana. Preliminarily, to the extent that petitioner raises a substantial evidence issue, we find that the misbehavior report, together with the positive urinalysis test results and the testimony adduced at the hearing, constitute substantial evidence of petitioner’s guilt (see Matter of Molina v Selsky, 21 AD3d 1238, 1238-1239 [2005]; Matter of Pollard v Goord, 18 AD3d 1041, 1042 [2005]). The minor clerical errors that may have existed regarding the date upon which petitioner’s urine was tested and/or the expiration dates for certain reagents were sufficiently explained by the correction officer who conducted the test and authored the misbehavior report (see Matter of Shabazz v Selsky, 12 AD3d 795, 796 [2004]; Matter of Victor v Goord, 309 AD2d 1026, 1026-1027 [2003]; Matter of Perkins v Goord, 308 AD2d 617, 618 [2003]), and we perceive no deficiencies in the chain of custody (see Matter of Molina v Selsky, 21 AD3d at 1238; Matter of Pollard v Goord, 18 AD3d at 1042).
Equally unpersuasive is petitioner’s claim that he was denied documentary evidence and the right to testify on his own behalf. The record reflects that the hearing was adjourned in order to provide petitioner with a copy of the request for urinalysis test form, which petitioner had sufficient time to review, and the *918 failure to provide petitioner with a copy of the “legal drug testing manual” did not constitute a denial of his due process rights (see Matter of Davis v Goord, 268 AD2d 932, 932-933 [2000], lv denied 95 NY2d 751 [2000]; Matter of Foust v Goord, 262 AD2d 904 [1999]). Also, when asked by the Hearing Officer whether he had anything else to offer prior to the close of the fact-finding hearing, petitioner replied, “No.” Petitioner’s remaining contentions, to the extent that they have been preserved, have been examined and found to be lacking in merit.
Peters, J.P, Lahtinen, Kavanagh and Stein, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.