■ In the Matter of JOSE ALMONTE, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [894 NYS2d 570]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was charged in a misbehavior report with using a controlled substance after a sample of his urine twice tested positive for the presence of marihuana. Following a tier III disciplinary hearing, petitioner was found guilty as charged. This determination was affirmed on administrative appeal with a modified penalty. This CPLR article 78 proceeding ensued.

We confirm. Although petitioner initially entered a guilty

plea, he testified that he believed that his test result was a false positive attributable to being sick and taking large doses of an over-the-counter medication (ibuprofen) the night before the test. As a result, the Hearing Officer called the representative of the urinalysis diagnostic test company who testified that neither petitioner's claimed illness nor his ingestion of that particular medicine could produce a false positive. In finding petitioner guilty of using a controlled substance, the Hearing Officer relied upon the positive test results and the testimony of the testing company representative refuting petitioner's defense. Substantial record evidence supports that determination, which was not based upon his guilty plea (*see Matter of Webb v Leclaire*, 52 AD3d 1131, 1132 [2008]; *Matter of Prentiss v Selsky*, 7 AD3d 905 [2004]). Moreover, there is no support in the record for petitioner's contention that he was misled or coerced into pleading guilty. To the extent that petitioner preserved the claim that he pleaded guilty to the charge in exchange for a promise—not documented on this record—that his penalty would be between 150 days and nine months in the special housing unit, we note that the modified penalty as reduced on administrative appeal was actually only 120 days and, thus, he is not aggrieved. There is, likewise, no support in this record for the claim that any portion of the hearing was conducted off the record or that he was threatened by the Hearing Officer off the record (*see Matter of Allen v Goord*, 10 AD3d 742 [2004]; *Matter of Murray v Goord*, 263 AD2d 794 [1999]). Petitioner's claim of hearing officer bias is unsubstantiated by the record and there is no indication that the determination flowed from any alleged bias (*see Matter of Smith v Fischer*, 60 AD3d 1230 [2009]; *Matter of Sweet v Woods*, 60 AD3d 1183, 1183 [2009]). Petitioner's remaining contentions have been examined and found to be unpersuasive.

Spain, J.P., Rose, Lahtinen, Stein and McCarthy, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.