*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   July 2, 2015                    519942
_____

In the Matter of TONY WILLIAMS,
                    Petitioner,

            v                                MEMORANDUM AND JUDGMENT

ALBERT PRACK, as Director of
    Special Housing and Inmate
    Disciplinary Programs,
                    Respondent.
_____

Calendar Date:  May 5, 2015

Before:   Lahtinen, J.P., McCarthy, Egan Jr. and Lynch, JJ.

_____

        Tony Williams, Auburn, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.

_____

        Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision which found petitioner guilty of violating a prison disciplinary rule.

        After a sample of his urine twice tested positive for the presence of cannabinoids, petitioner was charged in a misbehavior report with using a controlled substance.  Petitioner was found guilty of the charge following a tier III disciplinary hearing, and the determination was later affirmed on administrative appeal with a modified penalty.  This CPLR article 78 proceeding followed.

We confirm. The misbehavior report, positive urinalysis test results and related documentation, together with the testimony adduced at the hearing, provide substantial evidence supporting the determination of guilt (see Matter of Paddyfote v Fischer, 118 AD3d 1240, 1241 [2014]; Matter of Cobb v Yelich, 118 AD3d 1235, 1236 [2014]). Although petitioner maintained that the ibuprofen he was prescribed following dental surgery produced a false positive test result, this was refuted by the testimony of a number of witnesses, the most significant of which was that of a specialist from the manufacturer of the urinalysis testing system, who stated that no amount of ibuprofen could cause a false positive result for cannabinoids (see Matter of Almonte v Fischer, 70 AD3d 1156, 1157 [2010], lv denied 14 NY3d 709 [2010]; Matter of Madison v Selsky, 2 AD3d 934 [2003]). Furthermore, we have reviewed the record and, contrary to petitioner's claim, do not find that the Hearing Officer was biased or that the determination flowed from any alleged bias (see Matter of Paddyfote v Fischer, 118 AD3d at 1241; Matter of Mullamphy v Fischer, 112 AD3d 1177, 1177-1178 [2013]). We have considered petitioner's remaining contentions, including his claim that he was improperly denied witnesses, and find them to be unpersuasive.

Lahtinen, J.P., McCarthy, Egan Jr. and Lynch, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court