Matter of Cabrera v Manuel (2020 NY Slip Op 06334)





Matter of Cabrera v Manuel


2020 NY Slip Op 06334


Decided on November 5, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 5, 2020

530895

[*1]In the Matter of Benjamin Cabrera, Petitioner,
v
Jonia K. Manuel, as Hearing Officer/Senior Offender Rehabilitation Counselor, et al., Respondents.

Calendar Date: October 9, 2020

Before: Garry, P.J., Lynch, Devine, Aarons and Colangelo, JJ.


Benjamin Cabrera, Ossining, petitioner pro se.
Letitia James, Attorney General, Albany (Martin A. Hotvet of counsel), for respondents.



Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in a misbehavior report with smuggling and possessing contraband after two small bundles removed from petitioner's body during surgery and turned over to a correctional facility sergeant tested positive for marihuana and suboxone. Following a tier III disciplinary hearing, at which petitioner pleaded guilty, the Hearing Officer found him guilty of both charges and imposed a penalty of 60 days of keeplock, 60 days of loss of packages, commissary and phone and 120 days of loss of visitation. The determination was affirmed upon administrative appeal. This CPLR article 78 proceeding ensued.
We confirm. Because petitioner pleaded guilty to the charges, he is precluded from challenging the evidentiary basis for the charges (see Matter of Bouknight v Annucci, 181 AD3d 1079, 1079 [2020]; Matter of White v Annucci, 170 AD3d 1372, 1373 [2019], appeal dismissed and lv denied 33 NY3d 1137 [2019]). In any event, the surrender of the drugs to the correctional facility sergeant by medical personnel did not, as urged by petitioner, compromise the confidentiality of his medical records. Petitioner contends that he was prejudiced because the notice of charges and the statement of evidence relied upon — as set forth in the misbehavior report — were not translated into Spanish, his dominant language, and he was not provided with a Spanish-speaking assistant. These claims, however, are unpreserved for our review for failure to raise such issues at the hearing (see Matter of Encarnacion v Annucci, 150 AD3d 1581, 1581-1582 [2017], lv denied 30 NY3d 903 [2017]; Matter of Pellot v Fischer, 67 AD3d 1231, 1231 [2009]). In any event, the record belies petitioner's contention that he did not understand English or the charges against him. To the extent that petitioner seeks credit for his prehearing confinement against the penalty imposed, such issue is moot given that petitioner has served the entire penalty (see Matter of Hyatt v Annucci, 167 AD3d 1194, 1195 [2018]; Matter of Funches v State of New York Dept. of Corr. & Community Supervision, 163 AD3d 1390, 1391 [2018], lv dismissed 32 NY3d 1140 [2019]).
Garry, P.J., Lynch, Devine, Aarons and Colangelo, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.