Matter of Rose v Lilley (2022 NY Slip Op 03165)

Matter of Rose v Lilley

2022 NY Slip Op 03165

Decided on May 12, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 12, 2022

533641
[*1]In the Matter of Nakia Rose, Petitioner,
v
Lynn J. Lilley, as Superintendent of Eastern NY Correctional Facility, Respondent.

Calendar Date:April 15, 2022

Before:Lynch, J.P., Reynolds Fitzgerald, Colangelo, Fisher and McShan, JJ.

Nakia Rose, Napanoch, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
A review by a correction officer of petitioner's outgoing electronic messages revealed that petitioner's aunt had sent a package to another incarcerated individual and that the individual was then supposed to give the contents of the package to petitioner. As a result, petitioner was charged in a misbehavior report with soliciting, engaging in an unauthorized exchange, smuggling and violating facility package procedures. At the disciplinary hearing that followed, petitioner pleaded guilty to violating facility package procedures and not guilty to the remaining charges. Petitioner thereafter was found not guilty of smuggling but was found guilty of the remaining charges. This determination was affirmed on administrative appeal and this CPLR article 78 proceeding ensued.
Initially, the Attorney General concedes, and we agree, that substantial evidence does not support that part of the determination finding petitioner guilty of soliciting. Accordingly, we annul that part of the determination and, given that petitioner has already served the penalty, which did not include a loss of good time, the matter need not be remitted for a redetermination thereof (see Matter of Haigler v Lilley, 182 AD3d 888, 889 [2020]; Matter of Parker v Annucci, 175 AD3d 1682, 1682-1683 [2019]).
Petitioner's plea of guilty to the charge of violating facility package procedures precludes him from challenging the evidentiary basis for that charge (see Matter of Cabrera v Manuel, 188 AD3d 1348, 1348-1349 [2020]; Matter of Bouknight v Annucci, 181 AD3d 1079, 1079 [2020]). Contrary to petitioner's contention, the misbehavior report and related documentary evidence, including a copy of petitioner's electronic message, provide substantial evidence to support the determination of guilt on the remaining charge of engaging in an unauthorized exchange (see Matter of Linares v Fischer, 119 AD3d 1300, 1301 [2014], lv denied 24 NY3d 909 [2014]; Matter of Wolf v Powers, 84 AD3d 1626, 1627 [2011]). Petitioner's claim that he could not be found guilty of the charge because he never received the package is unavailing, as incarcerated individuals "involved in a conspiracy or an attempt to violate a disciplinary rule will be liable to the same degree as violators of such rules" (Matter of Matthews v Fischer, 95 AD3d 1529, 1530 [2012]; see 7 NYCRR 270.3 [b]; Matter of Sylvester v Venettozzi, 175 AD3d 783, 784 [2019]). Regarding petitioner's contention that the author of the misbehavior report should have testified at the hearing, the record reflects that petitioner did not request the author or any other witnesses to testify, "and the Hearing Officer was under no obligation to present petitioner's case for him" (Matter of Washington v Alderman, 175 [*2]AD3d 782, 783 [2019] [internal quotation marks and citations omitted]; see Matter of Dixon v Brown, 62 AD3d 1223, 1224 [2009], lv denied 13 NY3d 704 [2009]). Petitioner's remaining claims are unpreserved and, in any event, without merit.
Lynch, J.P., Reynolds Fitzgerald, Colangelo, Fisher and McShan, JJ., concur.
ADJUDGED that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of soliciting; petition granted to that extent and respondent is directed to expunge all references to this charge from petitioner's institutional record; and, as so modified, affirmed.