Matter of Cuppuccino v Annucci (2022 NY Slip Op 04076)

Matter of Cuppuccino v Annucci

2022 NY Slip Op 04076

Decided on June 23, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 23, 2022

533715
[*1]In the Matter of Salvatore Cuppuccino, Petitioner,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date:May 20, 2022

Before:Egan Jr., J.P., Aarons, Reynolds Fitzgerald, Ceresia and Fisher, JJ.

Salvatore Cuppuccino, Tallahassee, Florida, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in a misbehavior report with engaging in violent conduct, engaging in a demonstration, creating a disturbance, engaging in disorderly conduct, interfering with an employee, harassment, refusing a direct order and making threats. According to the misbehavior report, nine incarcerated individuals, including petitioner who was acting as a leader, became agitated and aggressive toward correction officers who were conducting a "frisk" of the incarcerated individuals' refrigerator in the recreation room. The misbehavior report identified petitioner as one of the individuals who approached the correction officers and invaded their personal space, while yelling, making threats and not complying with direct orders to return to their cubes. At the ensuing tier III disciplinary hearing, petitioner pleaded guilty to all charges. Based upon the misbehavior report and petitioner's admission of guilt, the Hearing Officer found petitioner guilty of all charges. Other than a modification of the penalty imposed, the determination was affirmed upon administrative appeal. This CPLR article 78 proceeding ensued.
Because petitioner pleaded guilty to the charges, he is precluded from challenging the sufficiency of the evidence supporting those charges (see Matter of Gonzalez v Annucci, 199 AD3d 1146, 1147 [2021]; Matter of Cabrera v Manuel, 188 AD3d 1348, 1348 [2020]). Petitioner contends that the guilty pleas were procured under duress as he was subject to and feared further retaliatory attacks against him. A review of the hearing transcript, however, reflects no indication that petitioner was under duress (see Matter of Pequero v Annucci, 156 AD3d 986, 986-987 [2017]; Matter of Almonte v Fischer, 70 AD3d 1156, 1157 [2010], lv denied 14 NY3d 709 [2010]). To the extent that petitioner challenges the adequacy of the misbehavior report, it is unpreserved for our review as such issue was not raised at the hearing (see Matter of Jones v Annucci, 166 AD3d 1174, 1176 [2018]; Matter of Hamilton v Bezio, 76 AD3d 1125, 1126 [2010]). Petitioner's remaining contentions are either unpreserved for our review or without merit.
Egan Jr., J.P., Aarons, Reynolds Fitzgerald, Ceresia and Fisher, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.