Matter of King v Annucci (2023 NY Slip Op 01724)

Matter of King v Annucci

2023 NY Slip Op 01724

Decided on March 30, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 30, 2023

535728
[*1]In the Matter of Gerry King, Petitioner,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date:February 10, 2023

Before:Egan Jr., J.P., Lynch, Reynolds Fitzgerald, Ceresia and McShan, JJ.

Gerry King, Stormville, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Following an investigation conducted by the Department of Corrections and Community Supervision's Office of Special Investigations, it was determined that petitioner mailed a document to respondent, the correctional facility supervisor and other government officials that appeared to be a court order signed by a Supreme Court Justice located in Kings County in 2019, granting petitioner permission to possess Uniform Commercial Code materials, which are otherwise prohibited (see 7 NYCRR 270.2 [B] [14] [xx]). The investigation revealed that the document was fraudulent, as the Justice in question had retired in 2016. As a result, petitioner was charged in a misbehavior report with counterfeiting, possession of contraband and violating facility correspondence procedures. Following a tier III disciplinary hearing, petitioner was found guilty of the charges. That determination was upheld on administrative review and this CPLR article 78 proceeding ensued.
Initially, respondent concedes, and our review of the record confirms, that the part of the determination finding petitioner guilty of counterfeiting is not supported by substantial evidence and must be annulled. Because the penalty has been served and no loss of good time was imposed, remittal of the matter for a redetermination of the penalty on the remaining charges is not required (see Matter of Rose v Lilley, 205 AD3d 1187, 1188 [3d Dept 2022]).
Turning to the remaining charges, the misbehavior report, hearing testimony of its author and the documentary evidence provide substantial evidence to support the determination of guilt (see Matter of Santos v Annucci, 209 AD3d 1084, 1085 [3d Dept 2022]; Matter of Loret v Venettozzi, 205 AD3d 1171, 1171 [3d Dept 2022]). The exculpatory evidence presented by petitioner supporting his claim that he did not know that the order was fraudulent presented a credibility issue for the Hearing Officer to resolve (see Matter of Haigler v Lilley, 173 AD3d 1597, 1598 [3d Dept 2019]; appeal dismissed & lv denied 34 NY3d 1090 [2020]; Matter of Kelly v Department of Correctional Servs., 75 AD3d 672, 673 [3d Dept 2010]). Petitioner's remaining contentions have been considered and found to be without merit.
Egan Jr., J.P., Lynch, Reynolds Fitzgerald, Ceresia and McShan, JJ., concur.
ADJUDGED that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of counterfeiting; petition granted to that extent and respondent is directed to expunge all references to that charge from petitioner's institutional record; and, as so modified, confirmed.