■ In the Matter of ANDRE HARRIS, Petitioner, v GLENN S. GOORD, as Commissioner of the Department of Correctional Services, et al., Respondents. [656 NYS2d 407] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of

the Supreme Court, entered in Ulster County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner, an inmate at Eastern Correctional Facility in Ulster County, was found guilty of violating the prison disciplinary rule which prohibits the unauthorized use of controlled substances. The charges stem from the positive results of a random urinalysis test on petitioner which indicated the presence of both opiates and cannabinoids. Contrary to his contention, we find that the procedure used in executing the request for an urinalysis test was proper. Although a correction officer selected petitioner for testing, the request for the urinalysis test was authorized and signed by the appropriate authority before either the request was issued or the test was performed. Accordingly, we conclude that respondents reasonably complied with the requisite procedures when conducting the urinalysis test (*see, Matter of Melette v Berry*, 181 AD2d 950, 951, *lv dismissed* 80 NY2d 1022).

We also reject petitioner's contention that the chain of custody of the urine sample was broken. While petitioner contends that the urine sample was left unattended, the correction officer who performed the urinalysis test testified that the urine sample never left his possession. This conflicting testimony merely created a credibility issue for the Hearing Officer to resolve (*see, Matter of Lewis v Coughlin*, 172 AD2d 889).

Mikoll, J. P., Mercure, White, Casey and Peters, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.