■ In the Matter of PEDRO BUSTED, Petitioner, v GLENN S. GOORD, as Commissioner of the Department of Correctional Services, et al., Respondents. [725 NYS2d 703] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was found guilty of violating the prison disciplinary rule prohibiting the unauthorized use of a controlled substance after his urine sample twice tested positive for the presence of cannabinoids. Contrary to petitioner's assertion, the record establishes that the correction officer who administered the urinalysis test reasonably complied with the urinalysis testing procedures (see, 7 NYCRR 1020.4; see also, Matter of Carter v Senkowski, 278 AD2d 730). Although the specimen bottle was not labeled with petitioner's identifying information prior to obtaining petitioner's urine sample, the correction officer testified that the information was affixed to the bottle after the urine was collected while petitioner was present. The correction officer explained that he did this in order to prevent any smudging of the information while the urine sample was obtained. Any contrary testimony presented by petitioner or his witnesses created a credibility issue for the Hearing Officer to resolve (see, Matter of Harris v Goord, 238 AD2d 698, 699). Furthermore, although confidential information prompted the request for petitioner to submit a urine sample, the Hearing Officer was not required to assess the credibility of the confidential informant (see, Matter of Bradstreet v Goord, 268 AD2d 832).

Cardona, P. J., Crew III, Spain, Mugglin and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.