■ In the Matter of JOHN COPPINS, Petitioner, v RICHARD CERIO, as Deputy Superintendent of Programs, Elmira Correctional Facility, et al., Respondents. [761 NYS2d 879] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was found guilty of violating the prison disciplinary rule prohibiting the unauthorized use of controlled substances after his urine tested positive for the presence of opiates. The misbehavior report, the positive urinalysis test results with substantiating documentation, and the hearing testimony provide substantial evidence supporting the determination (*see Matter of Gonzalez v Selsky*, 301 AD2d 1019 [2003]; *Matter of Jimenez v Goord*, 278 AD2d 577 [2000]). Petitioner's claim that his urine yielded false positive test results due to fentanyl, a prescription medication he had ingested approximately two weeks prior to testing, was contradicted by testimony from a representative of the manufacturer of the urinalysis testing equipment, the correction officer who conducted the test on petitioner's urine and a physician's assistant at the facility. This conflict in the hearing testimony presented issues of credibility for resolution by the Hearing Officer (*see Matter of Goodwine v Selsky*, 299 AD2d 782 [2002]) as did petitioner's adamant denial that he had

taken opiates (*see Matter of Woods v Selsky*, 291 AD2d 773, 774 [2002]).

We are unpersuaded by the contention that the determination is invalidated by the Hearing Officer's failure to make an independent assessment of the credibility of the confidential informant whose information led to the testing of petitioner's urine. There is no such requirement in cases where, as in this matter, the determination of guilt was based upon evidence that was entirely independent of the confidential information that triggered the investigation (*see Matter of Arnett v Goord*, 305 AD2d 832 [2003]; *Matter of Busted v Goord*, 283 AD2d 692 [2001]). The remaining contentions raised herein have been reviewed and found to be without merit.

Cardona, P.J., Mercure, Crew III, Peters and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.