■ In the Matter of PAUL MITCHELL, Petitioner, v J. HESSELL, as Tier III Hearing Officer, Collins Correctional Facility, Respondent. [768 NYS2d 855]—

Mercure, J.P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services, which found petitioner guilty of violating certain prison disciplinary rules.

In December 2001, a correction officer requested that petitioner, an inmate at Collins Correctional Facility in Erie

County, undergo a urinalysis test after observing petitioner exhibiting lethargic behavior. Two days after the sample was placed in a refrigerator, another correction officer removed it and performed two SYVA ETS drug detection tests, both of which were positive for the presence of opiates. As a result, petitioner was charged in a misbehavior report with violating the prison disciplinary rule prohibiting use of a controlled substance. Following a tier III disciplinary hearing, respondent found petitioner guilty and the Commissioner of Correctional Services affirmed upon administrative appeal. Petitioner then commenced this CPLR article 78 proceeding challenging the determination.

We reject petitioner's argument that the evidence at the hearing was insufficient to support a determination of guilt. The misbehavior report, the two positive urinalysis test results, along with substantiating documentation, a drug cross-reactivity manual and the hearing testimony provide substantial evidence of petitioner's guilt (*see Matter of Coppins v Cerio*, 307 AD2d 486, 486 [2003]; *Matter of Devivo v New York State Dept. of Correctional Servs.*, 306 AD2d 600, 601 [2003], *lv denied* 100 NY2d 515 [2003]). Despite petitioner's claim that the correction officer who performed the tests stated that he could not explain why identical numbers appeared on both petitioner's and another inmate's test results, the officer explained that it was the calibration numbers that were identical, not the actual test results for the inmates. In addition, we conclude that the testimony of two nurses and the SYVA cross-reactivity manual refuted petitioner's assertion that his prescription medicine caused false positive test results (*see Matter of Devivo v New York State Dept. of Correctional Servs., supra* at 601; *Matter of Johnson v Goord*, 268 AD2d 732, 732 [2000]). Petitioner's remaining contentions, including his argument that his due process rights were violated by respondent's reliance on allegedly ex parte communications and failure to call certain witnesses, have been reviewed and found to be lacking in merit.

Spain, Carpinello, Mugglin and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.