■ In the Matter of SHAWN G. GRANGER, Appellant, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [774 NYS2d 461]—

Appeal from a judgment of the Supreme Court (Teresi, J.), entered February 28, 2003 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

Pursuant to a misbehavior report dated May 20, 2002, petitioner was charged with violating temporary release rules and the unauthorized use of a controlled substance after petitioner's urine sample twice tested positive for the presence of cocaine. Petitioner was served with the misbehavior report on May 23, 2002. At the ensuing tier III hearing on May 30, 2002, petitioner pleaded guilty to both charges. Petitioner commenced this CPLR article 78 proceeding challenging the determination of guilt on the ground that the hearing was not timely commenced. Supreme Court dismissed the petition and we affirm.

The record establishes that the hearing was completed within the 14 days following the issuance of the misbehavior report (*see* 7 NYCRR 251-5.1 [b]). Although petitioner claims that the seven-day hearing rule applies (*see* 7 NYCRR 251-5.1 [a]), the Hearing Officer noted that petitioner was confined on an unrelated matter and, following his confinement, was served with the misbehavior report at issue in this proceeding (*see Matter of Lashway v Brown*, 278 AD2d 639 [2000]; *Matter of Faison v Goord*, 268 AD2d 634 [2000]; *Matter of Faison v Senkowski*, 256 AD2d 702 [1998], *appeal dismissed* 93 NY2d 870 [1999]). "In any event, the time limitations imposed by the regulations are directory and not mandatory" (*Matter of Johnson v Goord*, 297 AD2d 881, 882 [2002] [citation omitted]) and petitioner has claimed no prejudice from any alleged delay (*see Matter of Matos v Goord*, 293 AD2d 855 [2002]; *Matter of Torres v Goord*, 264 AD2d 871 [1999]).

Spain, J.P., Mugglin, Rose, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.