■ In the Matter of TIMOTHY A. PAIGE, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [797 NYS2d 180]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

While petitioner was a participant in a temporary release program, a sample of his urine twice tested positive for cocaine. As a result, he was charged in a misbehavior report with violating a temporary release rule and using a controlled substance. He was found guilty of both charges following a tier III disciplinary hearing and the determination was affirmed on administrative appeal. Thereafter, petitioner commenced this CPLR article 78 proceeding challenging the determination.

Initially, the misbehavior report, positive urinalysis test results and related documentation, as well as the testimony adduced at the hearing, constitute substantial evidence supporting the determination of guilt (*see Matter of Figueroa v Goord,* 15 AD3d 705, 706 [2005]; *Matter of Odome v Goord,* 14 AD3d 975, 975 [2005]). We are unpersuaded by petitioner's assertion that the urine specimen did not provide an adequate foundation for the admission of the positive test results because the specimen

bottle was not properly labeled. Insofar as the testing officer stated that the procedure followed was to have inmates write their name and din number on the bottle, there was reasonable compliance with the applicable regulation and petitioner has not demonstrated any prejudice (*see e.g. Matter of Busted v Goord*, 283 AD2d 692 [2001]; *Matter of Ciotoli v Goord*, 256 AD2d 1192, 1192 [1998]). Petitioner's contention that he was taking medication which caused a false positive reading was contradicted by the testimony of a technician for the manufacturer of the testing equipment and presented a credibility issue for the Hearing Officer to resolve (*see Matter of Alexander v Goord*, 3 AD3d 638 [2004]; *Matter of Coppins v Cerio*, 307 AD2d 486, 486 [2003]).

Petitioner has failed to demonstrate any prejudice arising from the delay in the commencement of his hearing (*see Matter of Granger v Goord*, 6 AD3d 902, 902 [2004]; *Matter of Taylor v Coughlin*, 135 AD2d 992, 993 [1987]. Finally, petitioner waived his right to an employee assistant in writing as well as at the hearing and has failed to demonstrate how he was prejudiced in light of the accommodations made by the Hearing Officer.

Crew III, J.P., Carpinello, Mugglin, Lahtinen and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.