██ In the Matter of MARK POLITE, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [802 NYS2d 387]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was charged in a misbehavior report with using a controlled substance after a sample of his urine twice tested positive for the presence of marihuana. He was found guilty of

the charge following a tier III disciplinary hearing and the determination was upheld on administrative appeal. This CPLR article 78 proceeding ensued.

Initially, we reject petitioner's contention that the determination must be annulled because the correction officer failed to initial the transfer of the urine sample from the urine box to the refrigerator. There is no evidence that petitioner's urine sample was tampered with or confused with another sample (see *Matter of Van Dusen v Selsky*, 14 AD3d 979 [2005]). Rather, the chain of custody and hearing testimony from the correction officer involved confirm that petitioner's urine sample was properly secured and an unbroken chain of custody established (see *Matter of Dunn v Selsky*, 7 AD3d 938, 938-939 [2004]; *Matter of Victor v Goord*, 309 AD2d 1026, 1026-1027 [2003]). There was also sufficient testimony at the hearing to refute petitioner's defense that the medication he was prescribed, as well as the dye injected into his system for recent medical testing, would cause a false positive result for marihuana. Moreover, there is no indication from the record that the Hearing Officer was biased or that the determination flowed from any alleged bias (see *Matter of Johnson v Selsky*, 14 AD3d 755, 756 [2005]). Inasmuch as the misbehavior report, positive test results and testimony at the hearing provide substantial evidence of petitioner's guilt, the determination will not be disturbed (see *Matter of Toney v Goord*, 19 AD3d 843 [2005]; *Matter of Pollard v Goord*, 18 AD3d 1041 [2005]). Petitioner's remaining contentions, including that he received inadequate employee assistance and was denied relevant witnesses, have been reviewed and found to be without merit.

Mercure, J.P., Crew III, Spain, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.