■ In the Matter of SCOTT SILVERSTEIN, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [821 NYS2d 301]—

Carpinello, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Following a urinalysis test which produced a positive result for the presence of cannabinoids, petitioner was charged in a misbehavior report with violating a prison disciplinary rule prohibiting the use of narcotics or controlled substances unless prescribed by a health care provider. A tier III disciplinary hearing was held and petitioner was found guilty of the charge. The Commissioner of Correctional Services affirmed on administrative review, prompting petitioner to commence this proceeding challenging the determination.

The misbehavior report, the positive urinalysis test results and supporting documentation, along with the testimony of the officers who collected and tested petitioner's urine sample, provide substantial evidence of petitioner's guilt (*see Matter of Paige v Goord*, 19 AD3d 908, 908 [2005]; *Matter of Sanchez v Selsky*, 8 AD3d 846, 846 [2004]). Petitioner's contention that the officer who conducted the urinalysis test harbored a grudge against him created a credibility issue that the Hearing Officer was free to resolve against him (*see Matter of Davis v Goord*, 21 AD3d 606, 609 [2005]; *Matter of Kotler v Goord*, 17 AD3d 828, 828 [2005], *lv dismissed and denied* 5 NY3d 755 [2005]).

To the extent that petitioner's procedural objections are preserved for our review, they are unpersuasive. Initially, the record demonstrates that the hearing was conducted in a fair and impartial manner and the determination did not flow from any alleged bias on the part of the Hearing Officer (*see Matter*

*of Cayenne v Goord*, 16 AD3d 782, 783-784 [2005]; *Matter of Sanchez v Selsky, supra* at 846). Additionally, the record reflects that petitioner was provided with all of the documentation to which he was entitled prior to the hearing and was afforded time to review further documents requested during the hearing (*see Matter of Cayenne v Goord, supra* at 783; *Matter of Otero v Selsky*, 9 AD3d 631, 632 [2004]). Finally, petitioner was not improperly denied any of his requested witnesses (*see Matter of Vigliotti v Duncan*, 10 AD3d 776, 777 [2004], *lv denied* 4 NY3d 738 [2004]; *Matter of Lebron v Goord*, 6 AD3d 997, 998 [2004]).

Crew III, J.P., Mugglin, Lahtinen and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.