◼ In the Matter of LUIS RUIZ, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [825 NYS2d 811]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was charged in a misbehavior report with using a controlled substance after a sample of his urine twice tested positive for the presence of cocaine as well as opiates. Following a tier III disciplinary hearing, petitioner was found guilty of the charge. After the determination was affirmed on administrative appeal, he commenced this CPLR article 78 proceeding challenging it.

Petitioner's assertion that the medications he was taking prior to the urinalysis testing caused false positive results was countered by testimony of a representative from the manufac-

turer of the urinalysis testing system. Although the transcript of the hearing reflects that most of the representative's responses to the Hearing Officer's questions regarding possible false positives were inaudible to the transcriber, petitioner does not contend that a meaningful review is precluded. Nor does it appear that either petitioner or the Hearing Officer had any trouble hearing the representative's responses. Inasmuch as we can readily glean their content from petitioner's and the Hearing Officer's sequence of questions and discussion of the responses, the deficiencies in the record do not preclude us from conducting a meaningful review.

Those responses communicated that while one of petitioner's medications would have produced a false positive result for opiates, none would have produced a false positive result for cocaine. Petitioner's contention that this evidence did not conclusively exclude the possibility that a combination of his medications taken together could have produced a false positive is purely speculative. The misbehavior report, the hearing testimony, the positive test results for cocaine, the supporting documentation and the evidence that none of petitioner's medications would cause a false positive result for cocaine provide substantial evidence to support the determination of guilt (*see Matter of Polite v Goord*, 22 AD3d 1000, 1001 [2005]; *Matter of Paige v Goord*, 19 AD3d 908, 908 [2005]; *see also Matter of Suggs v Miller*, 22 AD3d 910, 910-911 [2005]; *Matter of Figueroa v Goord*, 15 AD3d 705, 706 [2005]).

Petitioner's remaining claims that his underlying medical conditions could have caused a false positive and that he was deprived of due process due to the failure to confirm the validity of the testing procedures are, respectively, unpreserved and without merit.

Crew III, J.P., Peters, Carpinello, Mugglin and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.