■ In the Matter of DERRICK HOOVER, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [831 NYS2d 602]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

After a correction officer observed petitioner acting in an unusual manner, petitioner was ordered to take a drug test. When a sample of his urine twice tested positive for opiates, he was charged in a misbehavior report with using a controlled substance. Petitioner was found guilty of the charge following a tier III disciplinary hearing and the determination was affirmed on administrative appeal with a modified penalty. This CPLR article 78 proceeding ensued.

We confirm. The misbehavior report, together with the positive urinalysis test results and related documentation as well as the testimony adduced at the hearing, provide substantial evidence supporting the determination of guilt (*see Matter of Molina v Selsky*, 21 AD3d 1238, 1238-1239 [2005]; *Matter of Paige v Goord*, 19 AD3d 908, 908 [2005]). Petitioner's claim that the correction officer who administered the drug test altered the result in retaliation for the dismissal of a prior drug charge presented an issue of credibility for the Hearing Officer to resolve (*see Matter of Silverstein v Selsky*, 32 AD3d 1100, 1100 [2006]). Moreover, there is nothing in the record to substantiate petitioner's claim of hearing officer bias or to establish that the determination flowed from any such bias (*see Matter of Boatwright v McGinnis*, 24 AD3d 1136, 1137 [2005]). Petitioner's remaining contentions, to the extent they are properly before us, are unavailing.

Crew III, J.P., Peters, Carpinello, Mugglin and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.