■ In the Matter of KOUWANI BORNSTORFF, Petitioner, v NORMAN BEZIO, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [903 NYS2d 168]—

Kavanagh, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was charged in a misbehavior report with violating the prison disciplinary rule prohibiting the use of a controlled substance after his urine twice tested positive for marihuana. Following a tier III disciplinary hearing, petitioner was found guilty and a penalty was imposed. Although the penalty subsequently was modified, petitioner's administrative appeal otherwise proved unsuccessful. Petitioner thereafter commenced this proceeding pursuant to CPLR article 78 to challenge the determination of guilt.

Preliminarily, although petitioner reached his maximum expiration date and has been discharged from custody, this proceeding is not moot because petitioner "is entitled to have an institutional record free from improperly obtained findings of disciplinary rule violations" (*Matter of Pena v Goord*, 263 AD2d 690, 690-691 [1999] [internal quotation marks and citation omitted]). Turning to the merits, the misbehavior report, positive test results and hearing testimony provide substantial evidence of petitioner's guilt (*see Matter of Thompson v Goord*, 37 AD3d 914 [2007]; *Matter of Toney v Goord*, 19 AD3d 843, 844 [2005]). Further, the record as a whole demonstrates that the correction officer who performed the test was properly trained and certified and that appropriate testing procedures were fol-

lowed (*see Matter of Polite v Goord*, 22 AD3d 1000, 1001 [2005]; *Matter of Johnson v Selsky*, 14 AD3d 755, 756 [2005]). Finally, contrary to petitioner's assertion, recalibration of the testing apparatus prior to testing petitioner's urine a second time was not required (*see Matter of Smith v Dubray*, 58 AD3d 968, 969 [2009]).

As for petitioner's procedural arguments, the record does not support petitioner's claim that the Hearing Officer was biased, nor is there any indication that the underlying determination flowed from any alleged bias (*see Matter of Williams v Fischer*, 69 AD3d 1278, 1279 [2010]; *Matter of Hernandez v Fischer*, 67 AD3d 1225, 1226 [2009]). Petitioner's assertion that he was denied certain documentary evidence is equally unavailing, as the Hearing Officer cannot be faulted for failing to provide documents that either did not exist or were irrelevant to petitioner's guilt or innocence (*see Matter of Lebron v McGinnis*, 26 AD3d 658, 659 [2006], *lv denied* 7 NY3d 704 [2006]; *Matter of Spirles v Goord*, 308 AD2d 610, 611 [2003]). Petitioner's remaining contentions, including his assertion that the penalty imposed was excessive, have been examined and found to be lacking in merit.

Mercure, J.P., Spain, Lahtinen and Malone Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.