■ In the Matter of CARLOS ABREU, Petitioner, v BRIAN FISCH-ER, as Commissioner of Correctional Services, et al., Respondents. [923 NYS2d 783]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner, a prison inmate, was charged in a misbehavior report with lewd conduct after he deliberately masturbated in the presence of a female facility employee. He was found guilty of that charge following a tier III disciplinary hearing and, after an unsuccessful administrative appeal, he commenced this CPLR article 78 proceeding.

The misbehavior report, corroborated by the testimony of the female employee who witnessed petitioner's behavior, provide substantial evidence to support the determination of guilt (*see Matter of Merced v Fischer*, 79 AD3d 1516, 1517 [2010]; *Matter of Sital v Fischer*, 73 AD3d 1348, 1349 [2010], *lv denied* 15 NY3d 707 [2010]). Petitioner's challenge to the misbehavior report is unavailing as the correction officer who wrote the report, although he did not directly witness petitioner's behavior, ascertained the facts before he wrote the report (*see* 7 NYCRR 251-3.1 [b]; *Matter of Hernandez v Fischer*, 67 AD3d 1225, 1226 [2009]). Further, petitioner's claims that the employee's testimony contradicted the misbehavior report raised a credibility issue for the Hearing Officer to resolve (*see Matter of Genis v New York State Dept. of Correctional Servs.*, 80 AD3d 1032, 1033 [2011]; *Matter of Ballou v New York State Dept. of Correctional Servs.*, 80 AD3d 1058, 1059 [2011]). Finally, we find that the determination of guilt flowed from the evidence presented, rather than from any alleged hearing officer bias (*see Matter of Reid v Fischer*, 80 AD3d 1035, 1036 [2011]; *Matter of Ballou v New York State Dept. of Correctional Servs.*, 80 AD3d at 1059). We have examined petitioner's remaining contentions and find them to be either unpreserved or without merit.

Spain, J.P., Lahtinen, Malone Jr., Stein and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.