██ In the Matter of WALTER ELLISON, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [929 NYS2d 780]—

After petitioner's urine sample twice tested positive for cannabinoids, he was served with a misbehavior report charging him with drug use. Petitioner was found guilty of that charge following a tier III disciplinary hearing. That determination was affirmed upon administrative appeal, with a reduction in the penalty assessed. Thereafter, petitioner commenced this CPLR article 78 proceeding.

Initially, we reject petitioner's contention that he was denied the testimony of a relevant witness. One of petitioner's main defenses was that he had recently been injected with a dye as part of a medical test that he had undergone. When the Hearing Officer interviewed the facility nurse, she opined that the dyes used in such tests were usually iodine based, which would not have caused a false positive, but that there were different types of dyes and she was not sure which type was used on petitioner. Accordingly, the Hearing Officer requested that the nurse contact the medical center that performed the test. The Hearing Officer's failure to recall the nurse was not error, however, as a technical specialist from the company that manufactured the testing apparatus subsequently testified that there was no reason to believe that a dye used for the test performed on petitioner would cause a false positive, and the Hearing Officer accepted that testimony. As there was substantial evidence of petitioner's guilt, including the misbehavior report, positive test results and the testimony at the hearing, we decline to disturb

the determination (*see Matter of Coleman v Fischer*, 81 AD3d 1018 [2011]; *Matter of Polite v Goord*, 22 AD3d 1000, 1001 [2005]). Petitioner's remaining contentions are either unpreserved for our review (*see Matter of Daniel v Fischer*, 86 AD3d 892, 893 [2011]; *Matter of Evans v Bezio*, 84 AD3d 1622, 1623 [2011]), or have been considered and found to be without merit.

Peters, J.P., Rose, Lahtinen, Kavanagh and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.