■ In the Matter of KEVIN MOSS, Petitioner, v ALBERT PRACK, as Director of Special Housing and Inmate Disciplinary Programs, et al., Respondents. [930 NYS2d 311]—

Petitioner was charged in a misbehavior report with using a controlled substance after a sample of his urine twice tested positive for the presence of cannabinoids. He was found guilty of the charge following a tier III disciplinary hearing and the determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.

We confirm. The misbehavior report, positive urinalysis test results and related documentation, as well as the testimony of the author of the report and the SYVA representative, provide substantial evidence supporting the determination of guilt (*see Matter of Hayes v Fischer*, 73 AD3d 1360 [2010]; *Matter of Frye v Commissioner of Correctional Servs.*, 69 AD3d 1074, 1074

[2010]). Contrary to petitioner's assertion, the chain of custody of the sample was properly established by the information contained on the request for urinalysis test form and the testimony of the correction officer who collected and tested the sample (*see Matter of Coleman v Fischer*, 81 AD3d 1018 [2011]; *Matter of Stanford v Fischer*, 77 AD3d 1013, 1014 [2010]). Moreover, while petitioner maintained that testing equipment produced false positive results because of authorized medications that he was taking, the SYVA representative specifically refuted this theory, thereby presenting a credibility issue for the Hearing Officer to resolve (*see Matter of Livingston v Fischer*, 52 AD3d 1152, 1153 [2008], *lv denied* 11 NY3d 707 [2008]; *Matter of Booker v Artus*, 51 AD3d 1235 [2008]). Petitioner's remaining contentions have either not been preserved for our review or are lacking in merit.

Rose, J.P., Lahtinen, Malone Jr., McCarthy and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.