■ In the Matter of ZEBADIAH HART, Petitioner, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [934 NYS2d 533]—

Petitioner, a prison inmate, was charged in a misbehavior report with the use of a controlled substance after his urine twice tested positive for the presence of cannabinoids. Following a tier III disciplinary hearing, petitioner was found guilty. That determination was upheld on administrative appeal, with a downward modification to the penalty assessed, and petitioner thereafter commenced this CPLR article 78 proceeding.

We confirm. To the extent that petitioner challenges the evidentiary basis for the determination, we find that the misbehavior report, positive drug tests, supporting documentation and hearing testimony provide substantial evidence of his guilt (*see Matter of Hughes v Bezio*, 84 AD3d 1598, 1598 [2011]; *Matter of Ellison v Fischer*, 79 AD3d 1538, 1538-1539 [2010]).

Turning to the procedural contentions, we find that any deficiencies in petitioner's employee assistance were cured at the hearing when the Hearing Officer furnished the requested documents and provided ample time to petitioner to review them before proceeding (*see Matter of Mayo v Fischer*, 82 AD3d 1421, 1422 [2011], *lv denied* 17 NY3d 702 [2011]; *Matter of Williams v Fischer*, 73 AD3d 1364, 1364-1365 [2010]). We also disagree with petitioner's contention that he was impermissibly denied his right to call witnesses. With regard to petitioner's requested inmate witness, there is no evidence that he had ever agreed to testify and the record demonstrates that he refused when called upon to do so (*see Matter of Barca v Fischer*, 80 AD3d 1038, 1039 [2011], *lv denied* 16 NY3d 711 [2011]; *Matter of Tafari v Fischer*, 78 AD3d 1405, 1406 [2010], *lv denied* 16 NY3d 704 [2011]). We also reject petitioner's contention that it was error to deny his request for a witness from a prisoner's rights group to testify that one of his medications could have caused a false positive, inasmuch as a report from that group was admitted, making such testimony redundant (*see Matter of Perkins v Goord*, 290 AD2d 700, 701 [2002]; *see e.g. Matter of Gomez v Fischer*, 74 AD3d 1399, 1400 [2010], *lv dismissed* 15 NY3d 858 [2010]). Petitioner was not entitled to cross-examine the confidential witness (*see Matter of Perretti v Fischer*, 58 AD3d 999, 1002 [2009], *lv denied* 12 NY3d 709 [2009]). Finally, we find that the determination of guilt resulted from the evidence presented at the hearing, rather than any alleged hearing officer bias (*see Matter of Abreu v Fischer*, 84 AD3d 1597 [2011]).

We have examined petitioner's remaining contentions, including that the hearing was not conducted in a timely manner, and find them to be either unpreserved or without merit.

Mercure, J.P., Lahtinen, Malone Jr., Kavanagh and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.