In the Matter of COREY TURNER, Petitioner, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [939 NYS2d 735]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Franklin County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was charged in a misbehavior report with using a controlled substance after a sample of his urine twice tested positive for the presence of THC. He was found guilty of the charge following a tier III disciplinary hearing. The determination was later affirmed on administrative appeal with a modified penalty. This CPLR article 78 proceeding ensued.

We confirm. The misbehavior report, positive urinalysis test results and related documentation, together with the testimony adduced at the hearing, provide substantial evidence supporting the determination of guilt (*see Matter of Hart v Fischer*, 89 AD3d 1357 [2011]; *Matter of Coleman v Fischer*, 81 AD3d 1018 [2011]). When petitioner maintained that medication he was taking caused a false positive test result, the Hearing Officer followed the advice of the manufacturer of the medication and contacted the manufacturer of the specific testing equipment used to test petitioner's urine. The representative from the company that manufactured the testing equipment then testified unequivocally that the subject medication had been tested

and did not cause a false positive result. This conflict in the testimony presented a credibility issue for the Hearing Officer to resolve (*see Matter of Livingston v Fischer*, 52 AD3d 1152, 1153 [2008], *lv denied* 11 NY3d 707 [2008]; *Matter of Booker v Artus*, 51 AD3d 1235 [2008]). Contrary to petitioner's claim, the record reveals that his employee assistant competently discharged his duties and fully investigated petitioner's defense that the medication he was taking produced a false positive result. Notably, petitioner has not demonstrated that his assistant's alleged inadequacies prejudiced his defense (*see Matter of Smith v Selsky*, 294 AD2d 629, 630 [2002]; *Matter of Mendez v Selsky*, 255 AD2d 858, 859 [1998]). Furthermore, we find nothing to indicate that the Hearing Officer was biased or that the determination flowed from any alleged bias (*see Matter of Marino v New York State Dept. of Correctional Servs.*, 41 AD3d 1004, 1005 [2007], *appeal dismissed and lv denied* 9 NY3d 940 [2007]; *Matter of Hoover v Goord*, 38 AD3d 1069, 1070 [2007], *lv denied* 8 NY3d 816 [2007]). Petitioner's remaining contentions have been considered and are either unpreserved for our review or are lacking in merit.

Rose, J.P., Lahtinen, Spain, McCarthy and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.