Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.
After a sample of his urine twice tested positive for the presence of opiates, petitioner was charged in a misbehavior report with using a controlled substance. He was found guilty of the charge following a tier III disciplinary hearing and the determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.
We confirm. The misbehavior report, the positive urinalysis test results and related documentation, as well as the testimony adduced at the hearing, provide substantial evidence supporting the determination of guilt (see Curry v Fischer, 93 AD3d 984, 984 [2012]; Matter of Neil v Fischer, 89 AD3d 1308, 1309 [2011], lv denied 18 NY3d 807 [2012]). Petitioner’s defense that the positive test results were attributable either to his ingestion of prescription medication or crackers containing poppy seeds presented a credibility issue for the Hearing Officer to resolve (see Matter of Moss v Prack, 87 AD3d 1255, 1256 [2011]; Matter of Shabazz v Selsky, 12 AD3d 795, 796 [2004]). Furthermore, upon *785 reviewing the record, we reject petitioner’s assertion that the Hearing Officer was biased or that the determination flowed from any alleged bias (see Matter of Turner v Fischer, 93 AD3d 987, 988 [2012], lv denied 19 NY3d 806 [2012]; Matter of Ellison v Fischer, 63 AD3d 1382, 1383 [2009]). Petitioner’s remaining arguments have either not been preserved for our review or are lacking in merit.
Rose, J.P., Lahtinen, Spain, McCarthy and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.