■ In the Matter of Edwin Lamage, Petitioner, v Brian Fischer, as Commissioner of Corrections and Community Supervision, Respondent. [953 NYS2d 736]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Superintendent of Sing Sing Correctional Facility which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner and another inmate were observed punching each other in a crowded prison yard area, ignoring several directives to stop. As a result, petitioner was charged in a misbehavior report with fighting, disobeying a direct order, violent conduct and creating a disturbance. Following a tier II disciplinary hearing, petitioner was found guilty of all of the charges. The determination was affirmed on administrative appeal, prompting petitioner to commence this CPLR article 78 proceeding.

We confirm. The misbehavior report, together with the testimony of petitioner and the other hearing witnesses, supports the determination of guilt (see Matter of Randall v Fischer, 94 AD3d 1302, 1302 [2012]; Matter of Alache v Fischer, 91 AD3d 1240, 1241 [2012]). While petitioner maintained that he was acting in self-defense and did not hear any direct order to cease fighting because he was on the ground, this testimony created a credibility issue for the Hearing Officer to resolve (see Matter of Garcia v Bertone, 91 AD3d 1217, 1218 [2012]). Notably, "the Hearing Officer was entitled to credit evidence that petitioner's conduct exceeded that which was necessary to protect himself" (Matter of O'Sullivan v Fischer, 87 AD3d 1229, 1230 [2011]).

Petitioner's procedural arguments are similarly meritless. Although the author of the misbehavior report did not directly witness the altercation, the record confirms that he sufficiently ascertained the facts before writing the report (see Matter of Abreu v Fischer, 84 AD3d 1597, 1597 [2011]; Matter of Luna v Department of Correctional Servs., 4 AD3d 713, 714 [2004]). Nor was petitioner improperly denied the testimony of the other inmate involved in the fight. There is no evidence in the record that this witness ever agreed to testify and his refusal form, also signed by an employee witness, states his reason for refusing when called to do so (see Matter of Tulloch v Fischer, 90 AD3d 1370, 1371 [2011]; Matter of Hart v Fischer, 89 AD3d

1357, 1358 [2011], *lv denied* 18 NY3d 808 [2012]). Finally, contrary to petitioner's claim, the record lacks proof that the Hearing Officer was biased or that the determination flowed from any alleged bias (*see Matter of Cruz v Walsh*, 87 AD3d 1234, 1235 [2011]).

The remaining arguments advanced by petitioner have been examined and found to be meritless.

Mercure, J.P., Rose, Lahtinen, Stein and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.