■ In the Matter of Scott Hyzer, Petitioner, v Brian Fischer, as Commissioner of Corrections and Community Supervision, Respondent. [960 NYS2d 275]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

After a sample of his urine twice tested positive for the presence of THC, petitioner was charged in a misbehavior report with using a controlled substance. He was found guilty of the charge following a tier III disciplinary hearing and the determination was affirmed on administrative appeal with a modified penalty. This CPLR article 78 proceeding ensued.

We confirm. Substantial evidence consisting of the misbehavior report, positive urinalysis test results and related documentation, as well as the testimony of the correction officials who authorized, collected and tested the sample, supports the determination of guilt (see Matter of Donahue v Fischer, 98 AD3d 784, 784 [2012]; Matter of Smith v Dubray, 58 AD3d 968, 968-969 [2009]). Contrary to petitioner's claim, nothing in the test documentation indicates that the test results pertaining to other inmates were confused with petitioner's results. Moreover, while petitioner takes issue with the fact that his sample was out of the refrigerator for an hour and a half between tests, nothing in the record leads us to conclude that this was a violation of Department of Corrections and Community Supervision Directive No. 4937 IV (G) (1) (as codified in 7 NYCRR 1020.4 [f] [1]) or that it compromised the accuracy of the test by causing a false positive result. Significantly, the chain of custody of the sample was properly established through the information contained on the request for urinalysis form and the testimony of the officer who tested the sample (see Matter of Davis v Fischer, 98 AD3d 1154, 1155 [2012]; Matter of Moss v Prack, 87 AD3d 1255, 1256 [2011]). Furthermore, upon reviewing the record, we find no indication that the Hearing Officer was biased or that the determination flowed from any alleged bias (see Matter of Henderson v Fischer, 98 AD3d 1162, 1163 [2012]; Matter of Bornstorff v Bezio, 73 AD3d 1397, 1398 [2010]). We have considered petitioner's remaining contentions and find them to be either unpreserved for our review or lacking in merit.

Peters, P.J., Stein, Spain and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.