Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.
Petitioner was charged in a misbehavior report with using a controlled substance after a sample of his urine twice tested positive for the presence of THC. He was found guilty of the charge following a tier III disciplinary hearing and the determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.
We confirm. The misbehavior report, related documentation and positive urinalysis test results, together with the testimony of the correction officers who collected the sample and tested it, provide substantial evidence supporting the determination of guilt (see Matter of Hart v Fischer, 89 AD3d 1357, 1357 [2011], lv denied 18 NY3d 808 [2012]; Matter of Figueroa v Goord, 15 AD3d 705, 706 [2005]). Contrary to petitioner’s claim, the chain of custody of the sample was properly established through the information contained on the request for urinalysis form and the testimony of the officer who conducted the test (see Matter of Hyzer v Fischer, 104 AD3d 983, 983 [2013]; Matter of Coleman v Fischer, 81 AD3d 1018 [2011]). Petitioner’s claim that he did not receive adequate employee assistance has not been preserved for our review due to his failure to raise it in his administrative appeal (see Matter of Harris v Selsky, 9 AD3d 695, 696 [2004]; Matter of Samuels v Kelly, 143 AD2d 506 [1988], lv denied 73 NY2d 707 [1989]). Therefore, we find no reason to disturb the determination of guilt.
Lahtinen, J.P., Stein, McCarthy and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.