Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in St. Lawrence County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.
Petitioner was charged in a misbehavior report with using a controlled substance after his urine twice tested positive for the presence of cannabinoids. He was found guilty of the charge following a tier III disciplinary hearing and that determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.
We confirm. The misbehavior report, positive urinalysis results, related documentation and the hearing testimony provide substantial evidence supporting the determination of guilt (see Matter of Davis v Fischer, 98 AD3d 1154, 1155 [2012]; Matter of Donahue v Fischer, 98 AD3d 784, 784 [2012]). Contrary to petitioner’s contention, the record establishes that the correction officer who administered the urinalysis test labeled the specimen bottle with petitioner’s name and number. *998 Petitioner’s contrary testimony created a credibility issue for the Hearing Officer to resolve (see Matter of Ciotoli v Goord, 256 AD2d 1192, 1192 [1998]). Further, although the correction officer testified that the procedure followed did not include writing on the label the date that the sample was taken (see 7 NYCRR 1020.4 [d] [2]), we conclude that the testing officer reasonably complied with the testing procedures and petitioner has not shown any prejudice (see Matter of Paige v Goord, 19 AD3d 908, 908-909 [2005]; Matter of Busted v Goord, 283 AD2d 692, 692 [2001]). Petitioner’s challenge to the integrity of the chain of custody of the sample was not raised at the disciplinary hearing and, therefore, is not preserved for our review (see Matter of Diaz v Goord, 26 AD3d 561, 562 [2006]).
Rose, J.P., Lahtinen, Stein and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.