■ In the Matter of MICHAEL MULLAMPHY, Petitioner, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [976 NYS2d 628]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was charged in a misbehavior report with using a controlled substance after a sample of his urine twice tested positive for the presence of cannabinoids. He was found guilty of the charge following a tier III disciplinary hearing. The determination was later affirmed on administrative appeal with a modified penalty. This CPLR article 78 proceeding ensued.

We confirm. The misbehavior report, positive urinalysis test results and related documentation, together with the testimony of the correction officers who collected and tested petitioner's urine specimen, provide substantial evidence supporting the determination of guilt (*see Matter of Johnson v Fischer*, 104 AD3d 1007, 1007 [2013]; *Matter of Hyzer v Fischer*, 104 AD3d 983, 983 [2013]). Petitioner seeks to challenge the evidence upon which the determination is based by claiming that he provided two urine specimens, but that only one was used to support the charge. However, this claim was refuted by the collecting officer, who stated that the first specimen had to be discarded because petitioner contaminated it by pouring water in the specimen cup. The conflict in the testimony presented a credibility issue for the Hearing Officer to resolve (*see Matter of Coates v Fischer*, 108 AD3d 997, 998 [2013]; *Matter of Turner v Fischer*, 93 AD3d 987, 988 [2012], *lv denied* 19 NY3d 806 [2012]). Moreover, we find no merit to petitioner's contention that he was improperly denied a correction officer and a fellow inmate as witnesses, given that their proposed testimony pertained to a collateral matter and was irrelevant to the charge at issue (*see Matter of Blocker v Fischer*, 100 AD3d 1118, 1119 [2012], *lv denied* 21 NY3d 857 [2013]; *Matter of Mobayed v Fischer*, 89 AD3d 1266, 1267 [2011]). Petitioner's further assertion that he was denied a fair and impartial hearing is unavailing, as there is nothing in the record to indicate that the Hearing Officer was biased or that the determination flowed from any alleged bias (*see Matter of Donahue v Fischer*, 98 AD3d 784, 785 [2012];

*Matter of Bornstorff v Bezio*, 73 AD3d 1397, 1398 [2010]). Petitioner's remaining arguments have been considered and are either unpreserved for our review or lacking in merit.

Peters, P.J., Stein, Garry and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.