■ In the Matter of KENNETH COBB, Petitioner, v BRUCE YELICH, as Superintendent of Bare Hill Correctional Facility, Respondent. [988 NYS2d 297]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Franklin County) to review a determination of the Commissioner of Corrections and Community Supervision which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was charged in a misbehavior report with using a controlled substance after his urine twice tested positive for the

presence of THC. He was found guilty of the charge following a tier III disciplinary hearing and the determination was affirmed on administrative appeal, with a modified penalty. This CPLR article 78 proceeding ensued.

We confirm. The misbehavior report, positive urinalysis results, related documentation and hearing testimony provide substantial evidence supporting the determination (*see Matter of Cagle v Fischer*, 108 AD3d 913, 913 [2013]; *Matter of Sutton v Prack*, 107 AD3d 1250, 1250 [2013]). Further, the request for urinalysis form and the testimony of the correction officers involved established that petitioner's urine sample was properly secured and that there was an unbroken chain of custody over the urine sample (*see Matter of Polite v Goord*, 22 AD3d 1000, 1001 [2005]; *Matter of Saif'Ul'Bait v Goord*, 15 AD3d 703, 704-705 [2005]). We reject petitioner's contention that he was improperly denied the testimony of certain witnesses, as such testimony would have been redundant (*see Matter of Cody v Fischer*, 84 AD3d 1651, 1651-1652 [2011]; *Matter of Warren v Fischer*, 63 AD3d 1466, 1467 [2009]). Petitioner's remaining claims, including his assertion that the Hearing Officer was biased against him, have been reviewed and found to be without merit.

Peters, P.J., Lahtinen, McCarthy, Garry and Clark, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.