Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Franklin County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was ordered to submit a urine specimen for testing and it twice tested positive for the presence of three different substances, namely, buprenorphine, THC 50 and K2-2. As a result, he was charged in a misbehavior report with using a controlled substance and also with using an intoxicant. Following a tier III disciplinary hearing, he was found guilty of the charges and the determination was later affirmed on administrative appeal. This CPLR article 78 proceeding ensued.
We confirm. The misbehavior report, positive urinalysis test results and related documentation, as well as the hearing testimony, provide substantial evidence to support the determination finding petitioner guilty of using a controlled substance *1381 (see Matter of Cobb v Yelich, 118 AD3d 1235, 1236 [2014]; Matter of Cagle v Fischer, 108 AD3d 913 [2013]) and using an intoxicant (see Matter of Ralands v Prack, 131 AD3d 1334, 1335 [2015]). The chain of custody of the specimen was adequately established through the information contained on the request for urinalysis form and the testimony of the correction officer who collected the specimen (see Matter of Paddyfote v Fischer, 118 AD3d 1240, 1241 [2014]; Matter of Davis v Fischer, 98 AD3d 1154 [2012]). Contrary to petitioner’s claim, Department of Corrections and Community Supervision Directive No. 4937 was not violated because the specimen was collected in the bathroom of the dorm, rather than in a hospital or infirmary, as this was an appropriate area (see 7 NYCRR 1020.4 [d] [1]). Petitioner’s remaining contentions are either unpreserved for our review or are lacking in merit.
Peters, P.J., Lahtinen, Lynch and Devine, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.