Matter of Rahman v Annucci (2019 NY Slip Op 04072)





Matter of Rahman v Annucci


2019 NY Slip Op 04072


Decided on May 23, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 23, 2019

527769

[*1]In the Matter of RASHID RAHMAN, Petitioner,
v
ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: April 19, 2019

Before: Garry, P.J., Lynch, Mulvey, Aarons and Pritzker, JJ.


Rashid Rahman, Wallkill, petitioner pro se.
Letitia James, Attorney General, Albany (Frank Brady of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating a prison disciplinary rule.
After a sample of petitioner's urine twice tested positive for the presence of THC, he was charged in a misbehavior report with using a controlled substance. He was found guilty of the charge following a tier III disciplinary hearing, and the determination was later affirmed on administrative appeal. This CPLR article 78 proceeding ensued.
We confirm. The disciplinary determination is supported by substantial evidence consisting of the misbehavior report, positive urinalysis test results and related documentation, as well as the testimony adduced at the hearing (see Matter of Hernandez v New York State Dept. of Corr. & Community Supervision, 167 AD3d 1206, 1206 [2018]; Matter of Carter v Annucci, 166 AD3d 1189, 1189 [2018]). Contrary to petitioner's claim, the chain of custody of the urine sample was adequately established by the information on the request for urinalysis form and the testimony of the correction officers who handled the sample (see Matter of Hernandez v New York State Dept. of Corr. & Community Supervision, 167 AD3d at 1206; Matter of Morales v Venettozzi, 163 AD3d 1375, 1376 [2018]). Moreover, petitioner's assertion that the medications he was taking caused a false positive test result was contradicted by the testimony of the nurse administrator and presented a credibility issue for the Hearing Officer to resolve (see Matter of Curry v Fischer, 93 AD3d 984, 984 [2012]; Matter of Moss v Prack, 87 AD3d 1255, 1256 [2011]). Further, we reject petitioner's claim that he was improperly denied the right to have the facility pharmacist testify as a witness. The nurse administrator testified that, based upon her consultation with the pharmacist, the medications that petitioner was taking would not cause a false positive test result. In view of this, the pharmacist's testimony would have been redundant (see Matter of Carter v Annucci, 166 AD3d at 1190; Matter of Cobb v Yelich, 118 AD3d 1235, [*2]1236 [2014]). Petitioner's remaining contentions, to the extent that they are properly before us, have been considered and found to be lacking in merit.
Garry, P.J., Lynch, Mulvey, Aarons and Pritzker, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.